UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TECHNOLOGY RESEARCH
CONSULTANTS, INC.,**

        **Plaintiff,**

vs.                                  Case No. 8:04-CV-2417-T-27EAJ

**CONTROL INDUSTRIES, INC.,**

        **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Motion to Remand (Dkt. 14), Defendant's Opposition thereto (Dkt. 18), Plaintiff's Motion for Leave to File a Reply (Dkt. 23) and Defendant's Opposition thereto (Dkt. 24).

Defendant removed this action to federal court alleging diversity jurisdiction. (Dkt. 1). This action was originally filed in the Florida state court. Plaintiff moves to remand the action to the Tenth Judicial Circuit for Polk County, Florida on the grounds that 1) Defendant failed to expressly allege the citizenship of the parties at the time the action was filed in state court, and 2) Defendant failed to plead facts in its removal notice to show that its principal place of business is not in Florida.

## DISCUSSION

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . .to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.

§1441(a). To remove a civil action, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal. . . ." 28 U.S.C. § 1446(a). This court has original jurisdiction based on diversity of citizenship "of all civil actions where the matter in controversy exceeds the sum or value of $75,000,. . .and is between citizens of different States." 28 U.S.C. §1332(a). "For purposes of diversity jurisdiction, a corporation is 'a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Bel-Bel Int'l Corp. v. Community Bank of Homestead*, 162 F. 3d 1101, 1106 (11th Cir. 1998)(*quoting* 28 U.S.C. § 1332(c)(1)).

**Deficiencies in Removal Notice Related to Diversity at Time of Filing of Suit**

In its Notice of Removal, Defendant alleged that "this Court would have had original jurisdiction of the action on the basis of diversity of citizenship. . .had the action originally been brought in this Court" (Dkt.1 ¶¶ 3, 9), that the Plaintiff is incorporated in Alabama with its principal place of business in Florida (Dkt.1 ¶ 4), and that the Defendant is incorporated in New York with its principal place of business in New York. Taken together, these factual allegations properly plead that the citizenships of the parties was diverse at the time the action was filed in state court. Further, after the Plaintiff challenged the sufficiency of these allegations, Defendant filed an affidavit that expressly states that its state of incorporation was New York and its principal place of business was in New York at the time the Complaint was filed. (Levine Aff. at 2)[1]

---

[1] Plaintiff asserts that "it is well established that a court's determination of diversity jurisdiction. . .must be made based upon the record *at the time* the Notice of Removal is filed," citing in support *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 948 (11 th Cir. 2000). (Dkt. 23 at 2; emphasis in original) *Sierminski*, in fact, expressly rejects Plaintiff's argument, stating "there is no good reason to keep a district court from. . . reviewing evidence outside the removal petition" and emphasizing that "post-petition affidavits are allowable" if relevant to the time of removal. 216 F.3d at 948. Accordingly, this Court will consider the affidavit filed by Defendant.

**Deficiencies in Removal Notice Related to Establishing Principal Place of Business**

Plaintiff also argues that Defendant "did not meet its burden by setting forth sufficient facts to overcome the allegations in [Plaintiff's] Complaint that [Defendant's] principal place of business is in the state of Florida, and to resolve this uncertainty in the pleadings." (Dkt. 14 at 8). As an initial matter, Plaintiff's Complaint does not contain an allegation that Defendant's principal place of business is in Florida. Rather, Plaintiff alleged that the state court had personal jurisdiction over Defendant under Florida's long-arm statute, Fla. Stat. § 48.193. (Dkt. 1 ¶ 3). The Complaint does not contain any express allegation that Defendant's principal place of business is or was in Florida. Plaintiff's argument in this regard is disingenuous.

In support of its state jurisdictional allegation, Plaintiff does allege certain relevant facts: that Defendant "1) operated, conducted, engaged in, and carried on a business in Florida; 2) maintained an office in Florida; [and] 3) entered into several contracts in Florida which required it to perform acts in Florida. . . ." (Dkt. 1 ¶ 3). As explained below, these allegations are insufficient to establish that Defendant's principal place of business is in Florida and do not create any "uncertainty in the pleadings."

"One looks to the 'total activity of the corporation in order to determine its principal place of business. This analysis incorporates both the 'place of activities' test (focus on production or sales activities), and the 'nerve center' test (emphasis on the locus of the managerial and policymaking functions of the corporation.)." *Vareka Investments, N.V. v. American Investment Properties, Inc.*, 724 F.2d 907, 909-910 (11th Cir. 1984)(internal citations omitted). In addition to pleading in the Notice of Removal that its principal place of business is in New York, Defendant's affidavit states that its headquarters, the majority of its employees and corporate assets, its

administrative functions, warehouse, and shipping are all housed in New York and have been in New York continuously since the founding of the company in 1955. (Levine Aff. 2-3). Additionally, Defendant's CEO avers that Defendant did not have any office, resident employees, or corporate assets in Florida in 2004, the year the Complaint was filed, nor has it ever maintained a principal office in Florida. (Levine Aff. 3). Defendant has therefore demonstrated that its principal place of business is in New York under both aspects of the "total activities" test.

As Plaintiff is a citizen of Alabama and Florida and Defendant is a citizen of New York, this Court has subject matter jurisdiction of this action based on diversity of citizenship. Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Dkt. 14) and Plaintiff's Motion for Leave to File a Reply (Dkt. 23) are **DENIED**.

**DONE AND ORDERED** in chambers this 24th day of May, 2005.

/s/ James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record